FILED
2024 Nov-01  PM 04:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| TRANQUIL FARMS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Civil Action No. |
| | ) |
| RENEGADE MANUFACTURING | ) |
| GROUP, LLC, DAVID JON BROWN, | ) |
| CRAIG LINCH, ELITE EXTRACTION | ) |
| LLC, and SCOTT SAURIC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT

COMES NOW, Plaintiff Tranquil Farms, LLC ("Tranquil"), by and through its undersigned counsel, and for its Complaint in this action against Defendants Renegade Manufacturing Group, LLC ("Renegade"), Elite Extraction LLC ("Elite"), David Brown, Craig Linch and Scott Sauric (Brown, Linch and Sauric, collectively, the "Individual Defendants") avers as follows:

## THE PARTIES

1.     Plaintiff Tranquil is a limited liability company organized under the laws of the State of Alabama. All of Tranquil's members are citizens of the State of Alabama and none of Tranquil's members are citizens of the State of Utah.

2.     Upon information and belief, Defendant Renegade is a limited liability company organized under the laws of the State of Utah, whose sole member is Defendant David Jon Brown.

3.     Upon information and belief, Defendant Brown is an individual residing and domiciled in the State of Utah, whose address is 13592 Aintree Hill Cove, Draper, UT 84020.

4. Upon information and belief, Defendant Craig Linch is an individual residing and domiciled in the State of Utah.

5. Upon information and belief, Defendant Elite is a limited liability company organized under the laws of the State of Utah, whose sole member is Defendant Scott Sauric.

6. Upon information and belief, Defendant Sauric is an individual residing and domiciled in the State of Utah, whose address is 2462 Silver Pointe Way, Bluffdale, UT 84065.

7. Upon information and belief, Renegade and Elite have no members who are citizens of the State of Alabama.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. This Court has personal jurisdiction because each Defendant: transacts business in this District; contracted with Tranquil, a citizen of this District; caused tortious injury in this District by conduct committed outside of this District; and otherwise has sufficient minimum contacts such that it is fair and reasonable to require defense of suit in this District.

10. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Tranquil's claims arising from the laws of the State of Alabama because those claims are substantially related to Tranquil's claims over which the Court has original jurisdiction.

11. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Tranquil's claims occurred in this District and because Defendants caused tortious injury in this District by conduct committed outside of this District.

2

## BACKGROUND FACTS

12. Plaintiff Tranquil is a certified producer of industrial hemp.

13. Defendants Renegade and Elite hold themselves out to be business partners and offer industrial hemp processing and distribution services.

14. Upon information and belief, Defendant Brown is the founder, member, and Chief Executive Officer of Renegade.

15. Upon information and belief, Defendant Linch is an employee of Renegade.

16. Upon information and belief, Defendant Sauric is the founder, member, and Chief Executive Officer of Elite.

17. Upon information and belief, all actions alleged hereinafter to have been taken by Renegade were jointly carried out by Brown and Linch.

18. Upon information and belief, all actions alleged hereinafter to have been taken by Elite were carried out by Sauric.

19. In or around January of 2024, Tranquil, Renegade and Elite (the "Parties") entered into an agreement under which the Individual Defendants represented that: (1) Elite would process hemp distillate for Tranquil and convert it into isolate; and (2) Renegade would then distribute and sell the processed isolate to one or more third-parties and remit sales proceeds to Tranquil (the "Agreement").

20. In or around January of 2024, and pursuant to the Agreement, Tranquil shipped four barrels of hemp distillate to Renegade and Elite's processing facility.

21. The total value of Tranquil's barrels of hemp distillate was $100,485.00.

22.     Tranquil entrusted the barrels of distillate to Renegade and Elite because the Individual Defendants represented that they were capable of processing the distillate and knew potential purchasers for CBD isolate.

23.     Upon information and belief, Renegade and Elite processed Tranquil's distillate and then sold the processed isolate, only to then wrongfully retain all sales proceeds owed to Tranquil.

24.     To date, Tranquil has only received one payment for distillate that Elite processed and Renegade sold, and such payment was made by a third party.

25.     The amount remaining due to Tranquil for distillate entrusted to Renegade and Elite is approximately $87,000.00, exclusive of any applicable penalties and/or interest.

26.     Tranquil and its agents have made numerous efforts to contact Renegade and Elite through the Individual Defendants, to arrange for pickup of any of Tranquil's property remaining in their possession and obtain the isolate sales proceeds owed to Tranquil.

27.     The Individual Defendants have refused to meaningfully respond to Tranquil's efforts to coordinate the retrieval of its property and sales proceeds, instead avoiding and ignoring Tranquil's communications.

28.     Through Renegade, Elite, and the Individual Defendants' failure or refusal to cooperate with Tranquil, Renegade, Elite, and the Individual Defendants have wrongfully withheld Tranquil's property and/or sales proceeds valued or amounting to at least $87,000.00.

## COUNT I
## BREACH OF CONTRACT
### *Against Defendants Renegade and Elite*

29.     Tranquil incorporates by reference, realleges and adopts the allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

4

30.     In or about January of 2024, the Tranquil, Renegade and Elite entered into a contract by which Tranquil committed to entrust Renegade and Elite with CBD distillate to be processed into isolate and sold to one or more third parties, and Renegade and Elite committed to remit sales proceeds to Tranquil.

31.     As contemplated under the Agreement, Tranquil entrusted Renegade and Elite with CBD distillate for processing and sale to one or more third parties; however, Renegade and Elite failed to uphold their commitment and instead withheld all proceeds they received from the sale(s) of Tranquil's isolate.

32.     Renegade and Elite's failures to uphold their commitments constitute breaches of contract.

33.     Renegade and Elite's breaches of contract have damaged Tranquil in an amount exceeding $87,000.00, entitling Tranquil to compensatory and consequential damages in an amount to be determined at trial.

**COUNT II**
**FRAUD**
*Against All Defendants*

34.     Tranquil incorporates by reference, realleges and adopts the allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

35.     Renegade and Elite, acting through Brown, Linch, and Sauric, falsely represented that Renegade and Elite would process Tranquil's CBD distillate into isolate, sell the isolate to one or more third parties, and remit sales proceeds to Tranquil.

36.     Renegade and Elite, acting through Brown, Linch, and Sauric, made these misrepresentations willfully to deceive and with knowledge of their falsity, and the

misrepresentations were made maliciously, oppressively, and with an intent to injure Tranquil through deprivation of its property.

37.    Tranquil relied and acted upon the misrepresentations, and its reliance was justified under the circumstances.

38.    Upon information and belief, Renegade, Elite, Brown, Linch, and Sauric, also suppressed material facts that they were obligated to communicate to Tranquil respecting the processing and sale of Tranquil's property.

39.    As a direct and proximate result of Renegade, Elite, Brown, Linch, and Sauric's misrepresentations and suppression of material facts, and Tranquil's reasonable reliance thereon, Tranquil was damaged in the approximate amount of $87,000.00.

40.    As a result of the fraudulent conduct complained of herein, Tranquil is entitled to both compensatory, consequential, and punitive damages, in amounts to be determined at trial.

**COUNT III**
**DECEIT / FRAUDULENT DECEIT**
**Ala. Code 1975 §§ 6-5-103, et seq.**
*Against All Defendants*

41.    Tranquil incorporates by reference, realleges and adopts the allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

42.    Renegade and Elite, acting through Brown, Linch, and Sauric, willfully deceived Tranquil with intent to induce Tranquil to alter its position to its injury in falsely promising to process Tranquil's distillate into isolate, sell the isolate to one or more third parties, and remit sales proceeds to Tranquil.

43.    In making the aforementioned false promises, Renegade, Elite, Brown, Linch, and Sauric knowingly suggested as fact representations that were untrue.

44.     In making the aforementioned false promises, , Renegade, Elite, Brown, Linch, and Sauric also suppressed facts which they were bound to disclose or gave information of other facts which were likely to mislead for want of communication of those facts.

45.     Renegade and Elite, acting through Brown, Linch, and Sauric, made these misrepresentations willfully to deceive and with knowledge of their falsity, and the misrepresentations were made maliciously, oppressively, and with an intent to injure Tranquil through deprivation of its property.

46.     Tranquil relied and acted upon Renegade, Elite, Brown, Linch, and Sauric's misrepresentations, and its reliance was justified under the circumstances.

47.     As a direct and proximate result of Renegade, Elite, Brown, Linch, and Sauric's misrepresentations and suppression of material facts, and Tranquil's reasonable reliance thereon, Tranquil was damaged in the approximate amount of $87,000.00.

48.     As a result of the deceitful conduct complained of herein, Tranquil is entitled to both compensatory, consequential, and punitive damages, in amounts to be determined at trial.

## COUNT IV
## CONVERSION AND CIVIL THEFT
### Against All Defendants

49.     Tranquil incorporates by reference, realleges and adopts the allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

50.     Renegade, Elite, Brown, Linch, and Sauric, through the acts complained of herein, have engaged in a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of Tranquil's property, and a wrongful detention and interference with Tranquil's property.

51.     Renegade, Elite, Brown, Linch, and Sauric willfully detained property which Tranquil entrusted to them, in known violation of Tranquil's ownership rights.

52.     The acts of Renegade, Elite, Brown, Linch, and Sauric were willful, wanton, and intentional, thus warranting an award of punitive damages.

53.     Tranquil has been harmed by the acts of conversion undertaken by Renegade, Elite, Brown, Linch, and Sauric and is entitled to compensatory, consequential, and punitive damages in amounts to be determined at trial.

**COUNT V**
**CIVIL CONSPIRACY**
*Against All Defendants*

54.     Tranquil incorporates by reference, realleges and adopts the allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

55.     Renegade, Elite, Brown, Linch, and Sauric have engaged in civil conspiracy through the acts complained of herein.

56.     Renegade, Elite, Brown, Linch, and Sauric collaborated and took concerted action to achieve an unlawful purpose by unlawful means.

57.     Renegade, Elite, Brown, Linch, and Sauric collaborated to wrongfully deprive Tranquil of its property through fraud and deception.

58.     Tranquil has been harmed by the civil conspiracy carried out by Renegade, Elite, Brown, Linch, and Sauric and is entitled to compensatory, consequential, and punitive damages in amounts to be determined at trial.

**COUNT VI**
**UNJUST ENRICHMENT**
*Against All Defendants*

59.     Tranquil incorporates by reference, realleges and adopts the allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

8

60.     Renegade, Elite, Brown, Linch, and Sauric have been unjustly enriched through the acts complained of herein.

61.     Renegade, Elite, Brown, Linch, and Sauric knowingly and unfairly accepted and retained valuable benefits in the form of Tranquil's property and monetary proceeds from sales of Tranquil's isolate, which in equity and good conscience belongs to Tranquil.

62.     Tranquil is entitled to be compensated for benefits it conferred, which Renegade, Elite, Brown, Linch, and Sauric unfairly accepted and retained, in amounts to be determined at trial.

## <u>JURY TRIAL DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38, Tranquil hereby requests a trial by jury on all issues so triable.

Date:   November 1, 2024                Respectfully submitted,


*/s/ Leslie V. Moore*_____
Alabama Bar No. ASB-7306-L74M
Direct: (205) 790-1062
Email: Les@lesmoorelaw.com
Leslie V. Moore, P.C.
P.O. Box 811
Orange Beach, Alabama 36561

Arthur W. Leach
Georgia Bar No. 442025
Direct: (404) 786-6443
Email: Art@ArthurWleach.com
Jessica H. Leach
Georgia Bar No. 742326
Direct: (678) 799-0474
Email: Jessica@ArthurWLeach.com
**The Law Office of Arthur W. Leach**
4080 McGinnis Ferry Rd, Suite 401
Alpharetta, GA 30005
*Pro Hac Vice Applications to be filed*

**ATTORNEYS FOR PLAINTIFF**